UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| W.H. WALL FAMILY HOLDINGS LLLP, | § § § § | |
| *Plaintiff* | § § | |
| v. | § § | CIVIL NO. 1:18-CV-303-LY |
| CELONOVA BIOSCIENCES, INC., | § § § § | |
| *Defendant* | § § | |

# O R D E R

Before the Court are Plaintiff's Motion to Compel CeloNova to Respond to Discovery (Dkt. No. 66); Defendant's Response to Wall's Motion to Compel (Dkt. No. 72); Plaintiff's Reply in Support of the Motion to Compel (Dkt. No. 75); and Defendant's Sur-Reply (Dkt. No. 79). On March 2, 2020, the District Court referred all pending and future discovery motions as well as all other non-dispositive motions in this case to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

Plaintiff W. H. Wall Family Holdings, LLLP ("Wall") is the owner of U.S. Patent No. 6,974,475 (the "'475 Patent"), entitled "Angioplasty Stent." Dkt. No. 54 at ¶ 13. The '475 Patent generally relates to a coronary stent that can be inserted into a human body following angioplasty for preventing re-stenosis. Claim 30 of the '475 Patent recites:

> A method of placement of a sleeve into an affected lumen of a human body following angioplasty for preventing re-stenosis of the affected lumen and maintaining at least a minimum opening in the lumen comprising:

> providing a sleeve formed in a mesh and a coating applied to said mesh and defining a plurality of openings throughout the mesh to allow tissue to grow there through,
>
> providing a catheter,
>
> mounting the sleeve in a radially collapsed position on the catheter, inserting the catheter with the collapsed sleeve mounted thereon into a lumen of the body,
>
> carrying the sleeve in its collapsed position with the catheter along the length of the lumen to a position in the lumen where the minimum opening in the lumen is to be maintained,
>
> radially expanding the sleeve in the position of the lumen where the minimum opening in the lumen is to be maintained,
>
> radially expanding the lumen in response to the radial expansion of the sleeve,
>
> withdrawing the catheter from the sleeve and from the lumen,
>
> promoting epithelialization of the lumen about the sleeve and its openings for incorporating the sleeve into the lumen, and
>
> retarding re-stenosis of the lumen with the sleeve.

*Id.* at ¶ 14.

On April 11, 2018, Wall filed this patent infringement suit pursuant to 35 U.S.C. § 271 against Defendant CeloNova Biosciences, Inc. ("CeloNova"), alleging that CeloNova's stent device known as the COBRA PzF NanoCoated Coronary Stent System ("Cobra Stent") infringes Claim 30 of the '475 Patent. Wall alleges that CeloNova has been making the Cobra Stent in the United States and distributing it to users outside the United States since December 2012. Wall contends that, "[b]y making, selling and/or offering for sale in the United States the Accused Products, CeloNova has been and is now infringing directly, and/or actively inducing and/or contributing to the infringement of Claim 30 of the '475 patent, either literally or through the doctrine of equivalents, pursuant to 35 U.S.C. § 271." *Id.* at ¶ 21.

On August 26, 2019, after conducting a *Markman* hearing, the District Court issued its Claim Construction Order construing a number of disputed terms and phrases recited in Claim 30.

Dkt. No. 62. On November 4, 2019, the District Court entered a Scheduling Order ordering that fact discovery would be open from October 17, 2019 through July 13, 2020. Dkt. No. 64.

On February 28, 2019, Wall filed its Motion to Compel. Wall argues that it has been attempting to discover relevant information and documents from CeloNova relating to the Cobra Stent since the District Court entered its Claim Construction Order, but CeloNova "has only provided false, incomplete, and/or evasive responses to Wall's requests." Dkt. No. 66 at p. 1. CeloNova opposes the Motion and contends that it has fully responded to some of the discovery requests, rendering them moot, and that its objections to the remaining discovery requests should be sustained.[1]

## II.     Analysis

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to

---

[1] On March 24, 2020, after the District Court referred the Motion to Compel to the undersigned, CeloNova filed a Motion for Summary Judgment of No Infringement (Dkt. No. 74), arguing that it "does not infringe because it does not practice at least three separate limitations of claim 30 as construed, the lack of any one of which warrants a finding of non-infringement." Dkt. No. 74 at p. 6. The unripe Motion for Summary Judgment has not been referred to the undersigned and is not addressed directly herein.

the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

With these standards in mind, the Court addresses each of the disputed discovery requests.

**A. Interrogatory No. 1**

Interrogatory No. 1 asks CeloNova how many stents it has manufactured, sold, or offered for sale in the United States; the price charged for its stents; and its costs and profit margin for its stents. Wall complains that CeloNova has limited its answer to products sold *domestically* in the United States, but Wall also seeks information on products manufactured in the United States and shipped to or sold in foreign markets. CeloNova argues that foreign sales information is irrelevant to Wall's infringement claim under 35 U.S.C. § 271(a) because "infringement of a method claim requires that all the claimed steps be performed in the United States." Dkt. No. 79 at p. 5.

Section 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Section 271(a)'s reach is limited to activity within the United States because "no infringement occurs when a patented product is made and sold in another country." *Microsoft Corp. v. AT & T Corp.*, 550 U.S. 437, 441 (2007). A successful claimant is entitled to compensation for the infringement, including "a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C.§ 284. A claimant is not entitled to compensation for "defendant's foreign exploitation of a patented invention, which is not infringement at all." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371 (Fed. Cir. 2013).

Courts have found that foreign damages may be compensable for domestic infringement under § 271(a). As the Eastern District of Texas recently explained:

> *WesternGeco*[2] does suggest that foreign damages are compensable for domestic infringement under § 271(a), just as they are compensable for domestic infringement under § 271(f)(2). For example, a plaintiff might prove that a product made in the United States was sold abroad, that a domestic sale to a regular customer of plaintiff supplanted foreign sales that plaintiff would have made to that customer, or that a product imported into the United States was subsequently sold internationally. Each of these instances would constitute infringement under § 271(a), and thus, under the reasoning of *WesternGeco*, would be compensable even if the sale causing damage ultimately occurred abroad.

*Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, 2019 WL 4392525, at *5 (E.D. Tex. June 11, 2019), *report and recommendation adopted*, 2019 WL 2865079 (E.D. Tex. July 3, 2019).

Also relevant here, courts have found that information regarding foreign sales activity is discoverable in infringement cases brought under § 271(a). *See McGinley v. Luv N' Care, Ltd.*, 2018 WL 9814589, at *5 (W.D. La. Sept. 10, 2018) ("While LNC's activities may ultimately not give rise to liability under U.S. patent law, SCP is entitled to discover the extent to which LNC has engaged in foreign sales activities."); *Polaris Innovations Ltd. v. Kingston Tech. Co.*, 2017 WL 3275615, at *13 (C.D. Cal. Feb. 14, 2017) (acknowledging authorities limiting liability under U.S. patent law, but finding they did not defeat the relevance of the discovery sought).

Based on the foregoing, the Court finds that the information regarding foreign sales activity may be relevant to Wall's claim for damages in this case. Accordingly, the Motion to Compel is **GRANTED** as to Interrogatory No. 1.

---

[2] In *WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2139 (2018), the Supreme Court held that a patent owner's damages § 271(f)(2) can include lost foreign profits when the patent owner proves infringement by a company that ships components of a patented invention overseas to be assembled there.

### B. Requests for Production Nos. 3, 4, 9, 12, 21, 22, 23, and 25

In Requests for Production Nos. 3, 4, 9, 12, 21, 22, 23, and 25, Wall seeks information related to the design, testing, regulatory approval, manufacturing, and use of the Cobra Stent. Although CeloNova has submitted some responsive documents, Wall complains that CeloNova has failed to produce all of the responsive documents it has in its possession. CeloNova does not deny this. Because the Court finds that the documents may be relevant to arguments in CeloNova's Motion for Summary Judgment, the Court **GRANTS** the Motion to Compel Requests for Production Nos. 3, 4, 9, 12, 21, 22, 23, and 25.

### C. Requests for Production Nos. 5, 6, 11, 13, 14, 15, 24 and 26

In Requests for Production Nos. 5, 6, 11, 13, 14, 15, 24 and 26, Walls seeks information it avers it needs to perform damages calculations. CeloNova assures the Court that it has produced the majority of relevant documents related to these requests. *See* Dkt. No. 79 at p. 7-8. However, CeloNova continues to object to the production of its financial information provided to its investors Clayton Associates and FCA Venture Partners which occurred before CeloNova's acquisition and development of the Cobra Stent business. The Court agrees that this information is not relevant to any claim or defense in this lawsuit. Based on the foregoing, the Court **DENIES** Requests for Production Nos. 5, 6, 11, 13, 14, 15, 24 and 26.

### D. Requests for Production Nos. 7, 8, 19, 20, and 27

In Requests for Production Nos. 7, 8, 19, 20, and 27, Walls seeks information related to CeloNova's knowledge of the '475 Patent. CeloNova contends that it was not aware of the '475 Patent until Walls filed this lawsuit. CeloNova contends that any responsive documents to these requests thus are protected by the attorney-client privilege and attorney work product doctrine.

In its Motion, Wall argues that CeloNova's responses indicate that it has responsive documents that it has not yet produced. In its Response, CeloNova contends that it is not withholding any responsive documents as to these requests on any basis other than attorney-client privilege and attorney work product doctrine. Dkt. No. 72 at p. 7. Because on CeloNova's unequivocal statements that it has produced all non-privileged documents, the Court **DENIES** Wall's Motion to Compel as to Requests for Production Nos. 7, 8, 19, 20, and 27.

E.  **Verification of Interrogatories**

Wall complains that the majority of CeloNova's interrogatory responses were not verified under oath as required by Federal Rule of Civil Procedure 33(b)(3). Citing no authority, CeloNova responds that it "did not believe it needed to verify" certain of its responses, apparently because they do not contain "substantive factual information." Dkt. No. 72 at p. 3. The Court agrees that all interrogatory responses must be verified.

Rule 33(b)(3) of the Federal Rules of Civil Procedure provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3); *see also Cisneros v. Dollar Tree Stores, Inc.*, 2016 WL 10957317, at *2 (W.D. Tex. Dec. 15, 2016) ("Rule 33(b)(3) of the Federal Rules of Civil Procedure provides that interrogatory answers must be made in writing and *under oath*."). While CeloNova has verified some of its supplemental responses to the interrogatories, Dkt. No. 76-1, it has failed to verify all of its responses "under oath" as is required by Rule 33(b)(3). See Dkt. Nos. 66-6, 66-7. Accordingly, CeloNova must comply with Rule 33(b)(3) by submitting verifications under oath with regard to all of its responses to the interrogatories in this case. *See, e.g.*, *Brown v. Clark*, 2019 WL 3728274, at *1 (M.D. La. Aug. 7, 2019) (requiring plaintiff to sign her answers and verify her answers under oath as required by Rule 33(b)(3)); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*,

321 F.R.D. 250, 293 (N.D. Tex. 2017) (ordering defendant to serve a verification that complies with Rule 33(b)(3)'s "under oath" requirement). Accordingly, Wall's Motion to Compel is **GRANTED** as to the requirement of verification of all interrogatory responses.

### III. Conclusion

Based on the foregoing, W.H. Wall Family Holding LLLP's Wall's Motion to Compel CeloNova to Respond to Discovery (Dkt. No. 66) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the Motion to Compel as to Interrogatory No. 1; Requests for Production Nos. 3, 4, 9, 12, 21, 22, 23, and 25; and by requiring CeloNova to verify all of its interrogatory responses. The Court **DENIES** the Motion to Compel with regard to all other Requests for Production.

**SIGNED** on April 2, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE